IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IRIS FOSTER, | * |
| Plaintiff, | * |
| v. | * Civil No. TJS-10-1933 |
| UNIVERSITY OF MARYLAND EASTERN SHORE, | * |
| Defendant. | * |

\* \* \* \* \* \*

**MEMORANDUM**

Plaintiff Iris Foster ("Ms. Foster") has filed a "Motion Under Rule 59(e) to Alter the Judgment" ("Motion") (ECF No. 86). In the Motion, Ms. Foster asks the Court to reconsider its Memorandum Opinions and Orders[1] granting summary judgment in Defendant University of Maryland Eastern Shore's ("UMES") favor (ECF Nos. 55, 84 & 85).

Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l*

---

[1] This case was previously assigned to then-Chief Magistrate Judge Paul W. Grimm with the consent of the parties for all proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). ECF Nos. 8, 11 & 42. Judge Grimm entered a Memorandum Opinion and Order (ECF No. 55) on December 4, 2012 granting summary judgment to UMES on Ms. Foster's hostile work environment and gender-based termination claims, but denying summary judgment on Ms. Foster's retaliation claim. On December 20, 2012, after Judge Grimm's confirmation as a United States District Judge, this case was reassigned to me. In a Memorandum Opinion and Order (ECF Nos. 84 & 85), I granted UMES's Motion for Reconsideration (ECF No. 62) and granted summary judgment in UMES's favor on the retaliation count.

1

*Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Here, Ms. Foster has not identified any intervening change in controlling law or newly discovered evidence, but argues that the Court's rulings were clearly erroneous.

Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pacific Ins. Co.*, 148 F.3d at 403 (internal quotation omitted). The rule, however, does not allow a party "to raise arguments which could have been raised prior to the issuance of the judgment, nor . . . to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id*. "[M]ere disagreement does not support a Rule 59(e) motion." *United States ex. Rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted).

Ms. Foster argues in her motion that the Court's rulings are erroneous on two grounds. First, she argues that it was error for the Court to dismiss the retaliation count because she has, contrary to the Court's ruling, established a prima facie case of retaliation under *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013). Second, she argues that the Court applied the wrong legal standard and improperly resolved disputed facts in UMES's favor related to the sexual harassment claim. Ms. Foster's Motion merely rehashes and reframes the arguments she made previously, but contains nothing that persuades the Court that its judgment granting summary judgment in favor of UMES was erroneous. Accordingly, Ms. Foster's Motion (ECF No. 86) will be denied.

An Order implementing this ruling follows.

Date: December 27, 2013

/s/
Timothy J. Sullivan
United States Magistrate Judge